IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD JOHNSON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-2584-SMY |
| | ) |
| KERRY BIOFUNCTIONAL INGREDIENTS, INC., | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Donald Johnson filed the instant lawsuit against his former employer Kerry Biofunctional Ingredients, Inc. ("Kerry") alleging retaliatory discharge and intentional infliction of emotional distress. This case is now before the Court for consideration of Kerry's Motion to Dismiss Count II (Doc. 11), which Johnson opposes (Doc. 13). For the following reasons, the Motion is **GRANTED**.

### Background

Johnson makes the following relevant allegations in the Amended Complaint: Johnson was hired on August 5, 2021 by Kerry as a lead skilled operator. On January 26, 2023, Johnson was injured during his employment and sustained injuries to his right arm, right wrist, and right-hand. Johnson subsequently filed a workers' compensation claim with the Illinois Workers' Compensation Commission. Following medical treatment, Johnson returned to work under physician's restrictions. On August 1, 2023, while at work, Johnson was approached by a representative of Kerry and was verbally terminated. Johnson alleges that he was terminated in retaliation for asserting his rights under the Illinois Workers' Compensation Act by requesting his

workplace restrictions be accommodated and by seeking medical treatment. Johnson alleges he was terminated and that Kerry knew that he would be profoundly disturbed and upset to be fired for doing no more than exercising his rights.

## **Discussion**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

Kerry seeks dismissal of Johnson's claim for intentional infliction of emotional distress (Count II of the Amended Complaint). In Illinois, a claim for intentional infliction of emotional distress requires that (1) the conduct to which the plaintiff was subjected was truly extreme and outrageous, (2) the defendant either intended to cause severe emotional distress or acted knowing there was a high probability such distress would result, and (3) the conduct was severe enough to cause emotional distress. *Lewis v. School District #70*, 523 F.3d 730, 746 (7th Cir. 2008). The tort does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *McGrath v. Fahey*, 533 N.E.2d 806, 809 (1988) (quoting Restatement (Second) of Torts § 46, comments *j,* at 77–78 & *d*, at 73 (1965)). Rather, the "law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity." *See Harriston v. Chicago Trib. Co.*, 992 F.2d 697, 703 (7th Cir. 1993). The conduct in question "must be such that the recitation of facts to an average member of the community would arouse his

resentment against the actor, and lead him to exclaim Outrageous!" *Van Stan v. Fancy Colours, Co.*, 125 F.3d 563, 567 (7th Cir. 1997).

Here, Johnson's allegations do not suggest the type of extreme and outrageous conduct needed to state a plausible claim. He essentially alleges that Kerry and its agents took actions with which he disagreed, which is not enough.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 11) is **GRANTED**. Plaintiff's intentional infliction of emotional distress claim in Count II of the Amended Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

**DATED: May 22, 2025**

**STACI M. YANDLE**
**United States District Judge**